FILED

MAR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSE FRANCISCO AVILA-COTA, a.k.a. Francisco Avila, a.k.a. Francisco Avila-Cota, a.k.a. Jose F. Avila-Cota,<br><br>Defendant - Appellant. | Nos. 11-10331<br>11-10332<br><br>D.C. Nos. 4:10-cr-50184-DCB<br>4:10-cr-01512-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Jose Francisco Avila-Cota appeals from the district court's judgment and

challenges the 57-month sentence imposed following his jury-trial conviction for

reentry after deportation, in violation of 8 U.S.C. § 1326, and the 21-month

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Avila-Cota contends the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors and by failing to explain the sentence imposed. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court adequately considered the section 3553(a) sentencing factors and explained the sentence sufficiently to permit appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Avila-Cota next contends that the district court violated the parsimony principle and imposed a substantively unreasonable sentence by giving too much weight to recidivism. The district court did not abuse its discretion in imposing Avila-Cota's sentences. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Avila-Cota's consecutive sentences are substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Avila-Cota's extensive criminal history. *See id*.

**AFFIRMED.**